No. _____

FILED
MAR 2 0 2008
Mar 20, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

William Moorehead,
    Petitioner,

v.

08CV1639
JUDGE ZAGEL
MAGISTRATE JUDGE SCHENKIER

UNITED STATES OF AMERICA,
    No. 05-CR-546-Respondent.

**MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE
BY A PERSON IN FEDERAL CUSTODY**

Respectfully Submitted

*William Moorehead*
William Moorehead
Reg. No. #17999-424
FPC Marion Satellite Camp
Marion, IL 62959

  Petitioner makes this petition to vacate, set aside his judgment of conviction by Plea Agreement and Senetncing the same and other terms of punishment imposed in violation of the United States Constitution and Laws of the United States pursuant to 28 U.S.C. § 2255 R1.

## PRELIMINARY STATEMENT

1. The judgment of conviction and sentence challenged in this § 2255 Motion under the Constitution Clauses and Laws of the United States was entered by this United States District Court for the Northern District of Illinois, Eastern Division.

2. The judgment of conviction was entered on April 13, 2006, and judgment of sentence was entered on April 26, 2007.

3. This Court sentenced petitioner Mr. Moorehead to a prison term of 48 months (Four (4) years) to be served, followed by thirty-six (36) months (Three (3) years) of Supervise Release.

4. Petitioner Mr. Moorehead was charged, convicted and sentence by Plea Agreement of Counts One (1) and Two (2) of the Indictment. The Plea Agreement concerns criminal liability only. Count One (1) Wire Fraud, and Count Two (2) Wire Fraud, in violation of Title 18 U.S.C. §§ 1343 and 2. Petitioner was held accountable for conduct of his and his codefendants as a whole, as pled by plea agreement.

5. Petitioner Mr. Moorehead entered in a Plea Agreement with the Government as guilty as charged in Counts One (1) and Two (2) of the Indictment. Petitioner did not go to trial.

6. This case under No. 05-CR-546 was tried by Plea Agreement based upon criminal liability.

7. Petitioner Mr. Moorehead was not tried by trial, as such, testimony was not needed at the time.

8. Petitioner Mr. Moorehead did not appealed from this District Court's discretionary ruling at Change of Plea stage, or at Senetncing phase. The judgment of conviction and sentenc, as was imposed, were both issues for review on direct appeal, because of the plea agreement waiver, no appeal was filed timely.

9. No appeal was filed on the behalf of Petitioner himself.

10. Petitioner Mr. Moorehead has not filed any petitions, applications or any motions with respect to this District Court's criminal judgment of conviction and sentence in any federal court or U.S. Supreme Court. Although, there is pending before the District Court an independent Civil Action under Case No. 05-CV-3521 that's being Presided by a different judge in such cause.

11. (N/A).

12. Petitioner Mr. Moorehead states the following grounds for relief from constitutional errors of law:

A Ground One: Counsel provided Ineffective Assistance, Sixth Amendment, When counsel of record erroneously deprived the petitioner of his right to make a reasonable informed decision on whether to accept or reject a given plea offer as was negotiated by counsel himself without petitioner's complete full attention and concerns and understanding of applicable Guidelines setting when it comes to the framework and context of Cooperational Agreement motion based on petitioner's substantial assistance to Government or Authorities, because of

first counsel's undesirable interest in the negotiated plea outcome, deprived petitioner of the ability to exercise a competent, voluntary and intelligent choice among alternative courses of action open to the petitioner. Plea and terms of Waiver was not made knowingly and voluntary, as such was the result of ineffective assistance of counsel. Sixth Amendment.

Supporting Facts: Petitioner in the case at bar was represented by three (3) attorneys during the course of plea stages, and one attorney at sentencing phases. Sixth Amendment.

A. The first attorney retained by petitioner was hired to represent his interest in the criminal charges filed against him.[1] In exchange for his plea of guilty, the government offered petitioner a plea agreement that set forth a total sentencing package, with the understanding that such sentencing package nor conviction could be attack through an appeal or attack in any collateral post-conviction motion, including a 28 U.S.C. § 2255 Petition. During the course of representation prior to plea offer and negotiations, attorney Mr. Mike Monico withdrew from the criminal case before the indictment was handed-down because of fee paying prooblems, which led to miscommunication between counsel Mr. Monico and petitioner Mr. Moorehead, as if to say, leaven petitioner during a crucial time of negotiation for a plea bargain agreement without an attorney to provide the necessary skills

---

[1] Attorney at Law, the law firm of Mike Monico, 20 S. Clark St. #700, Chicago, Illinois. Assistant Attorney, Jacqueline Jacoberson, within the same law firm.

and knowledge needed to perfect disputed facts by (1) given petitioner legal advice, (2) preparing and allowing petitioner to participate in discussion if petitioner disagree with plea offer and its negotiated terms by prosecutor and defense counsel, and (3) to subject the prosecution's case to any meaningful adversarial testing. This is precisely the type of evidence that does not appear in the record files of this Court.

B. In pursuant to seal the plea offer, this court appointed Luis Galvan, an attorney employed at the Federal Defender Law Firm Program, to represent petitioner during the course of plea agreement proposal setting. Petitioner's constitutional right to effective assistance of counsel does extend to cases where an appointed attorney by the court: (1) gives his client legal advice even though counsel was not originally retained by the client to prepare and conduct plea negotiation, (2) to provide the necessary skills and knowledge needed to perfect disputed facts, if the needs arise, and (3) to allow client to participate in such plea offer proposal and proffer stages, to negotiate for another plea offer agreement if client, for what ever reasons, disagree with negotiated plea offer by the prosecutor. Sixth Amendment.

To the extent that client, here petitioner, sentence under Sentencing Guidelines may be increased by district court's findings, petitioner have a right to, not just counsel but to effective assistance of counsel during all negotiation

during plea discussion (1) to limit government ability in the context of using self-incriminating information against petitioner to determine petitioner's guidelines range, (2) to explain fully to petitioner the legal basis on how the exited "Guidelines Process" work in the context of "Cooperational Agreement" based upon substantial assistance, thereafter he cooperated with the government by providing information on the criminal activities of others, if part of plea agreement, in exchange for motion from the government to reduce established sentencing guidelines range itself with the promise of a concession from either the prosecutor or defense attorney, reserving the right to make such motions, and (3) to make timely objection to prejudicial issues at sentencing.

Because of personal interest, the Federal Defender firm removed counsel Mr. Galvan from petitioner's case, counsel was found guilty by the Bar Association Committee for wrong doing, at the time counsel was representing petitioner, such silent removal of counsel conflicted with representation own to petitioner.  Again, like the first attorney, this is precisely the type of evidence that does not appear in the record files of this Court.  Petitioner has a right to not just counsel but to effective assistance of counsel during the course of plea stages.  Sixth Amendment.

C.   In addition to removable of Mr. Galvan, the federal defender firm replaced him with Imani Chiphe, staff attorney, to conduct sentencing affair.  Petitioner's constitutional

right to effective assistance of counsel does extend to cases where a third appointed attorney provided representation at sentencing hearing on his behalf.

Counsel Mr. Chiphe repeated the same inescapable breach of duty of loyalty as the first two attorneys, by failing to investigate other plausible lines of defense available to him relevant to prejudicial ex parte information, that outline an involuntary plea acceptance and terms of waiver of petitioner Mr. Moorehead's right. As stated by Mr. Chiphe:

> I would never have allowed you to sign such an plea agreement such as this one.

This is also precisely the type of evidence that does not appear in the record files of this Court.[2] "Authority does not suggest that a minimum amount of additional time in jail cannot constitute prejudice. Quite to the contrary, our jurisprudence suggest that any amount of actual jail time has Sixth Amendment significance." Hence, an evidentiary hearing has become necessary to develop a record before this court on petitioner's claims of ineffective assistance of counsel. The bad advice and misrepresentation petitioner received from all three (3) of his counsels was perceptually misleding and distrustful, as such, was a disadvantage to petitioner's interest toward fundamental fairness and equal opportunity as

---

[2] Counsel Mr. Galvan advised petitioner that if he accepts the plea offer by the government, in exchange, counsel could get petitioner probation or guarantee him 6 months top. In the wake of accepting the plea offer, counsel was removed and replaced counsel did not pursue petitioner's interest in the outcome.

enjoy by other parties.

B. <u>Ground Two</u>: Petitioner was deprived of the Effective Assistance of Counsel, Sixth Amendment, and of Due Process as guaranteed by the Fifth Amendment Clause, because petitioner was in state of "Depression at the time he accepted the Plea Agreement". Counsel of record failure to investigate other plausible lines of defense undermined counsel's ability to challenge prior to sentencing this ex parte information, such information make the Plea acceptance decision involuntary and ineffective relinquished of petitioner's rights.

<u>Supporting Facts</u>: Depression, which cause severe mental strain and impaired judgment is an affirmative defense, counsel must investigate such ex parte information. Prior to sentencing hearing and during plea fact finding process, neither one of the attorneys, Mr. Galvan and Mr. Chiphe investigated a letter report from a "Physician who did in fact examined petitioner in the past" that indicated petitioner's depression state of mind to make hard press decisions, neither counsels did any discovery preparations, to argue that petitioner was under an 'active medical treatment' for mental strain, which could cause impaired decisions during the course of whether to accept or reject a proposed plea agreement, at which right to the effective assistance of counsel attaches.

Counsel Mr. Chiphe failure to contact petitioner's Physician doctor to discover petitioner's state of mind under depression when doctor were available, undermined counsel's

confidence in the outcome outlining the facts supporting petitioner's depression state of mind to make hard press decisions. Counsel, Mr. Chiphe did have access to all ex parte information provided within the body of "Presentence Investigation Report," he never took the necessary time to investigate the medical history of petitioner when information were available to him, he knew counsel Mr. Galvan was being investigated by the "Illinois Attorney Registration and Disciplinary Commission" of Professional Conduct which led to his removable from petitioner's case, he knew that Mr. Monico withdrew from the criminal case during plea negotiation at a crucial time leaven petitioner lost and acceptable to any plea offer disparity treatment by the government, which right to effective assistance of counsel attaches. Sixth Amendment.

Again, this is precisely the type of evidence that does not appear in the record files of this court. If counsel Mr. Chiphe have took the necessary time needed to investigate (1) the prsentence investigation report facts as to ex parte information to uncover medical history that was available to him, (2) to evaluate counsel Mr. Galvan's performance in handling the plea offer during the time of his own personal interest with the Illinois Attorney Registration and Disciplinary Commission, and (3) to investigate petitioner's state of mind to make decisions independent from any threat, inducement or coercion, but free will to making an intelligent choice whether to accept or reject proposed plea agreement as presented by the prosecutor.

The failure of counsel Mr. Chiphe to investigate the facts within the "presentence investigation report" (PSIR), as to petitioner's medical history and other lines of defense that may support withdraw of plea agreement, before proceeding with sentencing hearing, deprived petitioner of due process relevant to his depression state of mind to make hard press decisions with free will and effective assistance of counsel. Sixth Amendment, and Fifth Amendment Due Process.

Hence, an evidentiary hearing has become necessary with respect to petitioner's ineffective assistance of counsel claim. Plea Agreement was not made voluntary of a free will.

C. <u>Ground Three</u>: It is Counsel of Record duty and loyalty to provide the Petitioner with a clear "understanding of the law in relation to the Sentencing Guidelines Entitlement based on factors disproportionate to the severity of his crimes as is charged in the indictment, considering the fact that Petitioner was subject to a possible Six month sentence or Probation, Petitioner's Plea offer and negotiation of sentencing package was not knowing and voluntary because it was the subject of ineffective assistance of counsel, not the will of free choice made alone, but given advice of counsel." Sixth Amendment and Due Process Clauses.

<u>Supporting Facts</u>: Under U.S.S.G. § 2F1.1(b), the base offense level for a crime of fraud is calculated based on the dollar amount of the loss caused by the fraud. See U.S.S.G. § 2B1.1 (b)(1). The plea agreement found petitioner guilty of both

Counts of the Indictment, count 1 mail fraud and count 2 wire fraud, as a result, he was sentence to 48 months in prison.

<u>Penalties involved:</u>

> Count 1 carries a maximum sentence of five (5) years, and Count 2 carries a maximum sentence of five (5) years to be served in prison, followed by Eighth years of Supervise Release. Ten (10) years total.

Prior to introduction of the indictment,[3] the government made a plea offer to petitioner. In exchange for petitioner's acceptance of proposed plea agreement as written. Counsel at the time, Mr. Monico withdrew from the case. New counsel was appointed by the court.[4] Without any investigation or effort to have any discussion or evaluate the substance of such plea agreement as drafted and proposed by the government, counsel never advised petitioner about aspects of the offered plea agreement and the likely consequences of accepting the plea as compared to going to trial. According to petitioner, counsel told him that his best chance of getting a reduced sentence was to "Cooperate with the Government with the expectation that the government will reduce his sentence from established guideline range to Probation." Under the prposed plea agreement, both parties reserved the right to seek additional guideline adjustment. On advice of counsel, petitioner agreed

---

[3] Because of problems with fee payments, counsel at the time, Mike Monico, who had first view of the proposed plea as offered withdrew from the case accordingly.

[4] Luis Martin Galvan of the Federal Defender Office, was appointed by this court to represent petitioner during the course of the criminal proceeding. Counsel failed to discuss any matter of the plea agreement with petitioner relevant to questionable information that may affect his sentence.

to fact-finding by a preponderance of the evidence, as set forth within the plea agreement, of all factors pertaining to determination of petitioner's sentence under the Guidelines and waived any right petitioner may have to a jury determination of relevant facts used to determine and enhance guideline sentence range that may be imposed. See U.S.S.G. § 2B1.1(b), and Paragraphs 6-13 at Pages 9-15 of the Plea Agreement.[5]

Thereafter the removable of Mr. Galvan, new counsel made its appearance as counsel for petitioner. Counsel repeated the same inescapable breach of duty of loyalty as the first two attorneys, by failing to investigate plausible lines of defense that may have warranted withdraw of proposed plea and motion for the court, based on discoverable information, and to plea anew. The dollar amount of the loss caused by the Fraud in both counts of conviction are excessive and prejudice to a fact finding process, whereas petitioner received 14 additional points on the count of an uncontested factor established within the plea agreement itself. Petitioner was deprived of effective assistance of counsel and his guilty plea and waiver was not knowingly and intelligently made. The proposed plea agreement was nothing more than counsel engaged in sentencing entrapment of his client with the government.

This is precisely the type of evidence that does not appear in the record files of this court. Hence, evidentiary

---

[5] This court added 14 points based on dollar amount of the loss unknowingly agreed to as a result of plea agreement.

has become necessary to accommodate justice as it was denied to petitioner.

D. <u>Ground Four</u>: Because of Ineffective Assistance of Counsel, Sixth Amendment, and Due Process Fifth Amendment, Petitioner never had an unobstructive choice of free will and decisions on whether or not to reject Plea Agreement that waives the rights to a direct appeal or to file a petition under § 2255, Because counsels of record never discussed nor explained the effect of such known rights to pursue meritorious arguable issues in disagreement on a point of law, including Guideline Entitlement and Application. As such waiver, like Plea Agreement was not knowingly and intelligently or voluntary made.

<u>Supporting Facts</u>: Under the proposed plea agreement, counsels was not functioning as the counsel guaranteed by the Sixth Amendment. The Government made a Plea Offer to petitioner, neither attorneys investigated nor discussed the facts within the plea agreement itself, and the likely consequences of allowing their client to accept such agreement, which bind him to a sentencing package that relinquished his right to seek additional guideline adjustments, as the factors have become known to the government on advice of counsel, whereas, if petitioner waives his rights, he cannot appeal nor attack the sufficiency of such government's evidence as to that fact having difference effect on a point of law.

A choice to waive statutory rights triggers the same safeguards required when, on advice of counsel, petitioner

-13-

accept plea agreement offer.

Petitioner's decision to be bound by the provisions of a plea agreement that waives the rights to direct appeal and to file motion under 28 U.S.C. § 2255, was tainted by ineffective assistance of counsel, as such waiver of rights was not knowingly and intelligently nor voluntary made.

E. <u>Ground Five</u>: N/A.

<u>Supporting Facts</u>: N/A.

13. None of the grounds listed in 12 A, B, C, and D was previously presented. The reasons these grounds were not previously presented are:

    (a) As to finding sentencing error of facts, but for ineffective assistance of counsel, the sufficiency of the Government's evidence and sentencing errors was not disputed.

    (b) As to ineffective assistance of counsel at Plea and Sentencing stages, this is the first opportunity to raise these claims.

    (c) The decisions of the United States Supreme Court, in light of both <u>Blakely and Booker errors of constitutional laws</u>, however, was available at the time of Plea and Sentencing stages, but was abandon by counsel of record.

    (d) Because of ineffective assistance of counsel in failing to discuss of explain consequence of a plea agreement that waives certain constitutional and statutory rights to petitioner, it was unknown to petitioner the value of such rights, petitioner never had an unobstructive choice of free will of his own decision of whether or not to reject or accept Plea Agreement and its terms with respect to such waiver, as such waiver or plea was not knowing and intelligently or voluntary made.

14. No petition or appeal, with the exception of a Civil action, is now pending in any court as to the claims under attack.

15. Names and addresses of attorneys who have previously represented petitioner Mr. Moorehead with respect to this decision and voluntary acceptance of this plea agreement, but for ineffective assistance of counsel claims:

    (a) Attorney at Law, the law firm of Mike Monico, 20 S. Clark Street, #700, Chicago, Illinois.

    (b) Luis Martin Galvan, Federal Defender Program, 55 East Monroe - Suite 2800, Chicago, Illinois 60603.

    (c) Imani Chiphe, Federal Defender Program, 55 East Monroe-Suite 2800, Chicago, Illinois 60603.

    (d) Because of ineffective assistance of counsel, the waiver was stated within such Plea Agreement.

    (e) No other Petitions, with the exception of a Civil action, or Motions are pending in this case as known to the petitioner.

16. Petitioner Mr. Moorehead was convicted and sentence on two counts of the indictment as charged.

17. Petitioner Mr. Moorehead knows of any future conviction and sentences pending to be served after completion of this sentence now imposed.

**WHEREFORE**, Petitioner Mr. Moorehead prays that this Honorable District Court grant him all relief to which he may be entitled in this 28 U.S.C. § 2255 Proceeding.

                                          /s/ William Moorehead
                                          William Moorehead
                                          Reg. No. #17999-0424
                                          FPC Marion Satellite Camp
                                          P.O. Box 1000
                                          Marion, IL 62959

## CERTIFICATE OF SERVICE

This certifies under the penalty of perjury pursuant to 28 U.S.C. § 1746; and Title 18 U.S.C. § 1621 that, I *William Moorehead* have on this *13th* day of *March*, 2008, placed a true and exact copy of said:

**MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE
BY A PERSON IN FEDERAL CUSTODY**

in the FPC Marion Satellite Camp Legal Mailbox through authorized mail service, at Marion, IL, first class postage prepaid, addressed to the following parties:

United States District Court for the Northern District of Illinois, Eastern Division, Honorable James B. Zagel, in the Everett McKinley Dirksen Building, 219 S. Dearborn Street, Chicago, Illinois 60604.

Jacqueline Stern, Assistant United States Attorney, and Patrick J. Fitzgerald, United States Attorney, 219 S. Dearborn St., 5th Floor, Chicago, Ilinois 60604.

### LOCATION OF CONFINEMENT

*William Moorehead*
William Moorehead
Reg. No. #17999-424
FPC Marion Satellite Camp
P.O. Box 1000
Marion, IL 62959

-16-