

CIVIL No. 1:08-CV-1639

IN THE
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

William Moorehead,
Defendant,

FILED
JUL 1 4 2008
Jul 14, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

Vs.

UNITED STATES OF AMERICA,
Respondent.

**DEFENDANT'S REPLY TO THE GOVERNMENT'S RESPONSE IN OPPOSITION TO MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE**

**COMES NOW** the Defendant in the above-entitled caption matter, William Moorehead, do hereby respectfully presents this Honorable Court with his reply to the Government's response filed June 6, 2008. Defendant states as follows:

Preliminary Statement of the case

The Sixth Amendment right of a criminal defendant to have the assistance of counsel guarantees not just assistance, but also a constitutionally mandated level of adequate legal assistance. (Const. Amend. VI). Law of the case doctrine is an exercise of judicial discretion, not a

limit on judicial power.

It is the function of this court to decide just what the truth is, and just who is telling it.

The government's argument is that defendant is barred from challenging the factual basis which is the cause of defendant having to accept the proposed plea agreement, if to say, because this court, in accepting the plea, complied with Rule 11. (Gov.'s Response at 6 Paragraphs 6-10, and at 7 Paragraphs 1-4). Asserting that, for this matter, at the change of plea hearing, the defendant responded negatively to the court's inquiries as to whether his plea were the result of promises by anybody other than the plea agreement and whether ther were force or threats to cause him to plea guilty, and whether there were conditions or provisions of the plea agreement not stated by counsel. See (Gov.'s Response at 2-3, at 3 Paragraphs 1-9).

Simply put, Mr. Galvan, and any other attorney, have a duty to inform his client of a right to reject or accept offered plea agreement proffered by prosecution, including the right to be involved in decision-making process, and to keep the defendant informed of important developments in the course of the prosecution, despite being found competent at the plea hearing. (Gov.'s Response at 2-3, at 3 Paragrahps 1-6). As the Supreme Court has noted, the Rule 11 hearing is an imperfect procedural mechanism which cannot be totally immune from collateral attack. **Fontaine**, 411 US 213, 36 L.Ed.2d 169, 93 S.Ct. 1461 (1973). See also

**Kimmelman**, 477 U.S. 365, 368, 91 L.Ed.2d 305, 106 S.Ct. 2574 (1986); and **Townsend**, 372 U.S. 293, 9 L.Ed.2d 770, 83 S.Ct. 745 (1973). Hence, an evidentiary hearing is not to be ruled-out.

An Evidentiary Hearing is Warranted

The Supreme Court has stated an evidtentiary hearing should be held where, as in the case of defendant, "[t]he factual allegations contained in the defendant's motion and affidavit, relat[e] primarily to purported occurrences outside the courtroom and upon which the record could, therefore, cast no real light" and where "the circumstances alleged [are not] of a kind that the district judge could completely resolve by drawing upon his own personal knowledge or recollection." **Machibroda**, 368 U.S. 487, 494-495, 82 S.Ct. 510, 513-14, 7 L.Ed.2d 473 (1962); **Fontaine**, 411 US 213, 36 L.ed.2d 169, 93 S.Ct. 1461 (1973); and also see **Townsend**, 372 U.S. 293, 9 L.Ed.2d 770, 83 S.Ct. 745 (1963). Therefore, the government's no evidentiary support argument must "be rejected and an evidentiary hearing order accordingly."

Townsend Court outline six circumstances where the grant of an evidentiary hearing is mandatory; (1) the merits on the factual dispute were not resolved in the state hearing; (2) the state factual determination is not fairly supported by the record as a whole; (3) the fact finding procedure employed by the state court was not adequate to afford a full and fair hearing; (4) there is

substantial allegation of newly discovered evidence; (5) the material facts were not adequate developed at the state court hearing; or (6) for any reason it appears that the state court trier of fact did not afford the habeas applicant a full and fair fact hearing.
372 U.S. 293, 9 L.Ed.2d 770.

Although Townsend case, for this matter, involved a habeas corpus pursuant to 28 U.S.C. § 2254, both (i.e., 28 U.S.C. Section(s) 2254 and 2255) do afford defendants the "same rights" and provide remedies "exactly commensurate."

As outlined in defendant's § 2255 motion, memorandum, and attached affidavit with some exhibits, these allenged claims of ineffectiveness assistance, according to Supreme Court and Circuit Courts case law, must be viewed in the context in which they did in fact occurred. Fontaine, 411 US 213, 36 L.Ed.2d 169, 93 S.Ct. 1461 (1973); see also the opinion in Jones, 167 F.3d 1142 (7th Cir. 1999); Johnson, 793 F.2d 898 (7th Cir. 1986); and Griffin, 109 F.3d 1217 (7th Cir. 1997).

Fontaine Court explained:

> Federal prisoner held entitled to hearing on motion to vacate on his allegations because the record did not "conclusively show" that he could not establish facts warranting relief under 28 U.S.C. § 2255. Id. at 411 US 213 36 L.Ed.2d 169, 93 S.Ct. 1461 (1973).

Jones Court explained:

> Justice dictates that a claim of ineffective assistance of counsel in connection with the negotiation of a cooperation agreement cannot be barred by the agreement

itself-the very product of the alleged ineffectiveness. To hold otherwise would deprive a defendant of an opportunity to assert his Sixth Amendment right to counsel where he had accepted the waiver in relinace delinquent representation. Id. at 1145 [5]. (Gov.'s Response at 6-7, at 7 Lines 1-4).

Johnson Court explained:

> Counse has an obligation "to consult with the defendant on important decisions and to keep the defendant informed of important developments in the course of the prosecution." Id. at 900 (quoting Strickland, 466 U.S. at 689, 104 S.Ct. at 2065.

Griffin Court explained:

> We believe that Griffin has made a strong prima facie showing that he was denied constitutionally effective representation of counsel on his direct appeal. Accordingly, we believe an evidentiary hearing is necessary to determine whether his claim has merits. Id. at 1220 [6].

Defendant asserts that his guilty plea was not the product of his free and willing choice but, rather, was induced by misrepresentation made by his appointed counsel Mr. Galvan at the time he agreed to accept the plea agreement. In an affidavit filed with this Court, as not disputed by neither defense attorneys, defendant has in fact "indicated exactly what statements were allegedly made to [him] and when, where and by whom the statements were made. See (Defendant's Affidavit in whole). In that "affidavit," defendant has "indicated that at the time the plea agreement was offered to him, his attorney, Mr. Galvan, told him that he would be given probation if he pled guilty. Defendant thereupon agreed to accept the plea agreement, thereby pleading guilty. See (Defendant's Affidavit at 3 paragraph 5.) Defendant, despite what counsel told him, in fact, received a term of 48 months to be served in prison. See

**Glover**, 531 U.S. 198, 121 S.Ct. 696, 148 L.Ed.2d 604 (2001).

> ("Authority does not suggest that a minimal amount of additional time in jail cannot constitute prejudice. Quite to the contrary, our jurisprudence suggests that any amount of actual jail time has Sixth Amendment significance.").

531 U.S. at 611.

**Kimmelman**, 477 U.S. 365, 368, 91 L.Ed.2d 305, 106 S.Ct. 2574, (1986).

Kimmelman Court explained:

> "Because collateral review will frequently be the only means through which an accused can effectuate the right to counsel, restricting the litigation of some Sixth Amendment claims to trial and direct review would seriously interfere with an accused's right to effective representation. A layman will ordinarily be unable to recognize counsel's errors and to evaluate counsel's professional performance. Consequently, a criminal defendant will rarely know that he has not been represented competently until after trial or appeal, usually when he consults another lawyer about his case."

477 U.S. at 378.

> "In conducting discussions with the prosecutor the should keep the accused advised of developments at all times and all proposals made by the prosecutor should be communicated promptly to the accused."

**Johnson**, 793 F.2d at 901-902 [1, 2]; and also see **Rogers V Isreal**, 746 F.2d at 1294 [5, 6]. These standars of conduct are relevant to a court in resolving claims alleging ineffective assistance of counsel. (Qouting American Bar Association standards for criminal justice (ABA).

Because "the Rule 11 hearing and the files and records of the case [do not] conclusively show that the defendant is entitled to no relief," defendant must be given, where

"[t]he factual allegations contained in the defendant's § 2255 motion and affidavit[1] relat[e] primarily to purported occurrences outside the courtroom and upon which the record could, therefore, cast no real light" and where "the cicumstances alleged [are not] of a kind that the district judge could completely resolve by drawing upon his own personal knowledge or recollection," **Machibroda V. United States**, 368 U.S. 487, 494-495, 82 S.Ct. 510, 513-14, 7 L.Ed.2d 473 (1962); and also see **Fontaine**, 411 US 213, 36 L.Ed.2d 169, 93 S.Ct. 1461 (1973), an opportunity to substantiate his ineffectiveness assistance claims at an evidentiary hearing. 28 U.S.C. § 2255, Rule 8 governing this proceeding. (Gov.'s Response at 7 Paragraphs 5-16, at 8 Paragraphs 1-17). (Gov.'s Response at 9-11, at 9 Par 7)

The Governmant's Response is erroneous on its face

Defendant Mr. Moorehead submits that the following Rule 11 facts as cited by the government, are construed in accordance to standard principles of contract law, **U.S. V. Lundy**, 484 F.3d 480, 485 (7th Cir. 2007); **Bethel V. United States**, 458 F.3d 711, 716-717 (7th Cir. 2006), for this matter, because the "plea agreement and its terms implicates defendant's constitutional rightd," **Machibroda**, 368 U.S. 487, 494-495, 82 S.Ct. 510, 513-14, 7 L.Ed.2d 473 (1962), **Fontaine**, 411 US 213, 36 L.Ed.2d 169, 93 S.Ct. 1461 (1973), contract principles will not always dictate outcome claims

[1] Neither counsels contested to sufficiency of the defendant's affidavit, therefore, it must be taken as true.

of ineffectiveness of counsel analysis. **Jones**, 167 F.3d at 1145 [5], "It is intuitive that in these circumstances the waiver is ineffective against a challenge based on involuntariness." See also **McCarthy**, 394 U.S. 495, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969).[2]

McCarthy Court explained:

> For this waiver to be valid under the Due Process Clause, it must be "an intentional relinquishment or abandonment of a known right or privilege." Johnson V. Zerbst, 304 U.S. 458, 464, 82 L.Ed. 1461, 1466, 58 S.Ct. 1019, 146 A.L.R. 357 (1938). Consequently, if a defendant's guilty plea is not equally voluntary and knowing, it has been obtained in violation of due process and is therefore void. Id. at 394 U.S. at 466.

At page 6-8 of its response the government in setting forth the terms of the Rule 11 plea relevant to the agreed portion, rely heavily on the plea fact finding and analysis of authority established in Sines, 303 F.3d 793, 798 (7th Cir. 202); and also Bownes, 405 F.3d 634, 636 (7th Cir. 2005); also Lopez, 430 F.3d 854, 856 (7th Cir. 2005). As is the case, "Moorehead's waiver should be enforced." (Gov.'s Response at 6 Paragraphs 4-8, and at 7 Paragraphs 1-4).

For the sake of argument, defendant submits that "not all claims are waiverable under the provision that relates to the terms of such agreement." (Gov.'s Response at 7 Paragraphs 5-16, and at 8 Lines 1-17).[3] Defendant did not waive his rights to bring forth a claim that his agreement

---

2 Defendant's argument attack performance of counsels, Mr. Monico, Mr. Galvan, and Mr. Chiphe representation outside the record. 3 Paragrahs is reference to "Reading by Sentences; Lines as a whole."

with-stand ineffectiveness of counsel, as such voluntary establishment does not terminate finality, based upon this court, in accepting the plea, own personal knowledge and recollection of factual testimony presented at the Rule 11 hearing. (Gov.'s Response at 2, and at 3 Lines 1-9). As is recognized and noted by the Supreme Court,

> the Rule 11 voluntariness hearing is an imperfect procedural mechanism which cannot be totally immune from collateral attack.

See Kimmelman, 477 U.S. at 378, 379, 91 L.Ed.2d 305, 106 S.Ct. 2574 (1986); and also Fontaine, 411 US 213, 36 L.Ed.2d 169 93 S.Ct. 1461 (1973). It is well establish law that a court should be entitled to rely upon the defendant's answers to such inquiries, Fuller, 312 F.3d 287 at 289 (7th Cir. 2002). Defendant's representations at a guilty plea hearing properly constitute an "imposing" barrier to collateral attack, Blackledge V. Allison, supra, 431 U.S. at 74, 97 S.Ct. at 1629, protecting the courts from a potential flood of prisoners recanting their Rule 11 statements. See(Gov.'s Response at 2, and at 3 Lines 1-9). Nevertheless, when faced with credible allegations contained in defendat's § 2255 motion and affidavit that his plea was induced by misrepresentations as to the sentence that would be imposed, as noted, courts have afforded defendants an opportunity to substantiate such allegations, even where the factual allegations are contrary to statements made on the Rule 11 record. See Jones, 167 F.3d at 1145 [5]; Griffin, 109 F.3d at 1219 [3, 4]; Johnson, 793 F.2d at 901; Rogers, 746 F.2d

at 1294 [5, 6], both Johnson and Rogers quoting the rules and standards policy from the American Bar Association for criminal justice (ABA); and also Fontaine, 411 US 213, 36 L.Ed.2d 169, 93 S.Ct. 1461 (1973). It is counsel's "dut[y] to consult with the defendant on important decisions and to keep the defendant informed of important developments in the adverasrial process, that being, pretrial and trial stages, plea evidentiary stages, plea bargaining process, followed by sentences being negotiated as well, and if necessary, appeal processing... Id. Respectively.

In view of other case law analysis, the Rule 11 plea hearing cannot be the solution to the government's reasons and conclusions, thereby, barring purported occurrences of unresolved factors that occurred outside the courtroom and upon which the Rule 11 record could, therefore, cast no real light on an informal setting. Machibroda, 368 U.S. 487, 494-495, 82 S.Ct. 510, 513-14, 7 L.Ed.2d 473 (1962). Using Rule 11 fact finding factors as a tool or vehicle which to determine issues such as "defendant's state of mine prior to and at the plea hearing, to bar an evidentiary analysis on claims that his plea and its terms was the result of ineffective assistance of counsel, distorts the function of the Sixth Amendment analysis by this court to decide as what the truth is, and just who is telling it. Strickland, 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

Defendant was represented in this case by three (3) counsels, Mr. Monico, Mr. Galvan, and Mr. Chiphe, he did not

represent himself. Kimmelman, 477 U.S. 378-379; see also Fontaine, 411 US 213, 36 L.Ed.2d 169, 93 S.Ct. 1461 (1973). An evidentiary hearing is favorable in light of the position that is advance by defendant in support of his claims made in § 2255 motion and affidavit. Griffin, 109 F.3d at 1219 1220 [4] and [6]. (Gov.'s Response at 9 Lines 7-19, and at 10-11, at 13-14, at 14 Lines 1-15).

At pages 8 Lines 18-20, at 9 Lines 1-6, at 12-13, at 13 Lines 1-9 of its response the government in arguing that (1) defendant provided nothing more than "conclusory statements alleging that Galvan did not discuss the facts, law, and guidelines with Moorehead. These assertions are insufficient to rebut the presumptive truth of Moorehead's contray statement that he discussed the plea agreement with his attorney, (2) defendant gave up his opprtunity to alert the Court to any problems at his own risk, (3) the ARDC Complaint could not have affected Galvan's representation of "Moorehead during plea negotiations," and (4) Mr. Chiphe representation of defendant at sentencing hearing were effective, (5) Moorehead's alleged depression, the record shows that he was competent to enter a plea of guilty. Id.

Defendant Mr. Moorehead submits that nowhere in the Rule 11 hearing, recored of this court, is there any facts indicating that the government ever had specific evidence revealing defendant's medical problems where the "Doctor who examined defendant first hand, no testimony from any expert to deny or explain defendant's depression state of

mine when doctor who examined defendant were available. See Defendant's Exhibit A. The government did not proffer any information from the doctor himself prior, or through cross-examination, to prevent later attempt to challenge this ex parte information.

As clearly evident by guidelines law, guideline range of 48 months, with respect to § 3E1.1 (a) and (b) context, does not restrict this court from considering other factors in mitigation toward a reasonable sentencing range below the 48 months, if qualified. See U.S.S.G. § 5K1.1, as in this case where the defendant having provided some substabtial assistant, thereby giving information to the government on other individual criminal activities unknown to the government. See (Defendant's § 2255 motion at 10 Ground 3, and Memorandum at 14).

Here, neither counsels, Mr. Galvan or Mr. Chiphe, if not true, contest the affidavit on its accuracy, "indicating exactly what statements were allegedly made to the defendant, when, where and by whom the statements were, as stated, made. The allegation as raised in § 2255 and the affidavit filed by defendant are neither conclusory nor "wholly incredible" in the face of the record. See again, Fontaine, 411 US 213, 36 L.Ed.2d 169, 93 S.Ct. 1461 (1973); Griffin, 109 F.3d at 1219-1220 [4] and [6]. An evidentiary hearing has become necessary in the interest of justice.

CERTIFICATE OF SERVICE

This certifies under the penalty of perjury pursuant to 28 U.S.C. § 1746; and 18 U.S.C. § 1621 that, I William MOOREHEAD have on this 7th day of July, 2008, placed a true and exact copy of said:

**DEFENDANT'S REPLY TO THE GOVERNMENT'S RESPONSE IN OPPOSITION TO MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE**

in the FPC Marion Satellite Camp Legal Mailbox through authorized mail service, at Marion, IL, first class postage prepaid, addressed to the following parties:

United States District Court for the Northern District of Illinois, Eastern Division, Honorable James B. Zagel, in the Everett Mckinley Dirksen Building, 219 S. Dearborn Street, Chicago, Illinois 60604. Clerk of Court.

Jacqueline Stern, Assistant United States Attorney, and Patrick J. Fitzgerald, United States Attorney, 219 S. Dearborn St., 5th Floor, Chicago, Illinois 60604.

**LOCATION OF CONFINEMENT**

William Moorehead
William Moorehead
Reg. No. #17999-424
FPC Marion Satellite Camp
P.O. Box 1000
Marion, IL 62959
Pro Se Litigant